37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roy L. BROWN, Defendant-Appellant.
 No. 94-1603.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 20, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant Roy L. Brown appeals the district court's denial of his motion to suppress. Defendant maintains that his post-arrest statements were not voluntary, as the arresting officers had not advised him of his rights under Miranda v. State of Arizona, 384 U.S. 436 (1966). We affirm.
 
 Analysis
 
 2
 A district court's factual and legal determinations on a motion to suppress are reviewed for clear error. United States v. Rice, 995 F.2d 719, 722 (7th Cir.1993). See also United States v. Arch, 7 F.3d 1300, 1302 (7th Cir.1993). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. When the inquiry is factually based, the reviewing court gives particular deference to the district court that heard the testimony and observed the demeanor of the witnesses. United States v. Withers, 972 F.2d 837, 841 (7th Cir.1992). See also United States v. Scott, 19 F.3d 1238, 1242 (7th Cir.1994) (reviewing court will defer to a district court's conclusions to the extent they are based on credibility assessments).
 
 
 3
 Defendant maintains that he was not informed of his Miranda rights when interrogated at the drug-house where he was arrested. Defendant maintains that statements he gave at the scene were therefore involuntary. Defendant further maintains that these statements tainted a subsequent videotaped formal statement, despite the fact defendant concedes he was properly advised of his rights immediately before the videotaped statement (See Appellant's brief at 6). At the suppression hearing, the arresting officer testified that the defendant was "Mirandized" twice at the crime scene and a third time before the videotaped statement. The officer further testified that the defendant made all statements voluntarily.
 
 
 4
 The district court's conclusion was not clearly erroneous. The court, when faced with the conflicting accounts of the defendant and the arresting officer, found the officer's version more credible. Given the inconsistent and somewhat farfetched account of the defendant, this is not clear error. Further, upon reviewing the videotaped statement, the court noted the defendant conceded in the statement that he had been advised of his rights earlier at the crime scene. (Suppression Hearing Transcript, pp. 57-58).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record